**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JUUL LABS, INC.,**

                                        **Plaintiff,**            **1:20-cv-1453
                                                                 (GLS/DJS)**

                                        **v.**

**GTB FUEL 2 CORP,**

                                        **Defendant.**
_____

## <u>ORDER</u>

This action having been commenced on November 25, 2020 by the filing of the Complaint, and, subsequently, a copy of the Summons and Complaint having been properly served on defendant GTB Fuel 2 Corp on December 11, 2020, a proof of service having been filed as to GTB on December 21, 2020, GTB not having answered the Complaint, the time for answering the Complaint having expired, and the Clerk of the Court properly entering a Certificate of Default on February 17, 2021, it is hereby

**ORDERED** that plaintiff JUUL Labs, Inc.'s motion for default judgment, (Dkt. No. 16), is **GRANTED**; and it is further

**ORDERED** that JUUL has judgment against GTB for statutory damages, in an amount to be determined after a damages inquest,

pursuant to the Lanham Act[1] for the infringement and counterfeiting of JUUL's trademarks identified by Registration Numbers 4,818,664, 4,898,257, and 5,918,490 at the United States Patent and Trademark Office, and with an award of post-judgment interest to accrue at the relevant statutory rate; and it is further

**ORDERED** that GTB, and its respective agents, servants, employees, and representatives and all persons in active concert and participation with them, are hereby permanently **ENJOINED AND RESTRAINED** from:

> (i) engaging or continuing to engage in the infringing, unlawful, unfair, or fraudulent business acts or practices described herein, including the marketing, sale, distribution, and/or other dealing in any non-genuine JUUL products, including fake counterfeit products or unauthorized grey-market products;
>
> (ii) using without permission any mark or other intellectual property right of JUUL;
>
> (iii) acting to infringe federally-registered, applied-for, and

---

[1] *See* 15 U.S.C. §§ 1051-1141n.

common law trademarks owned by JUUL;

(iv) falsely designating the origin of any product to be from JUUL;

(v) engaging in unfair competition with JUUL; or

(vi) acting in any other manner to derogate JUUL's intellectual property rights; and it is further

**ORDERED** that this matter is **REFERRED** to Magistrate Judge Daniel J. Stewart to conduct a damages inquest[2]; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

August 2, 2021
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

---

[2] *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) ("Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages."); *WowWee Grp. Ltd. v. Haoqin*, No. 17cv9893, 2019 WL 1316106, at *1-6 (S.D.N.Y. Mar. 22, 2019) (noting that the court referred the matter to the assigned magistrate judge for a damages inquest to determine the appropriate statutory damages under the Lanham Act).