**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JUUL LABS, INC.,

                                   Plaintiff,

        - v -                                              1:20-CV-1453
                                                                (GLS/DJS)

GTB FUEL 2 CORP,

                                   Defendant.
_____

**APPEARANCES:**                             **OF COUNSEL:**

RATH, YOUNG & PIGNATELLI          ROBERT T. PARKER, ESQ.
Attorney for Plaintiff
120 Water Street – 2nd Floor
Boston, Massachusetts 03301-2109

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

      Plaintiff JUUL Labs, Inc. ("JLI"), commenced this action on November 25, 2020, alleging Trademark Infringement in violation of 15 U.S.C. § 1114, False Designation of Origin in violation of 15 U.S.C. § 1125(a), Unfair Competition in violation of 15 U.S.C. § 1125(a), in addition to other common law and New York law claims. Dkt. No. 1, Compl. Defendant GTB Fuel 2 Corp failed to answer the Complaint, and the Clerk of the Court entered notice of Defendant's default on February 17, 2021. Dkt. No. 14. Plaintiff then filed a Motion for Default Judgment. Dkt. No. 16. On August 2, 2021, United States District Judge Gary L. Sharpe issued an Order granting Plaintiff's Motion and ordering

judgment against GTB for statutory damages in an amount to be determined following a damages inquest pursuant to the Lanham Act. Dkt. No. 17. The Order referred this matter to the undersigned to conduct the relevant inquest. *Id.* at p. 3.

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (internal alterations and quotation marks omitted). Consequently, Rule 55 of the Federal Rules of Civil Procedure provides that a court may conduct hearings prior to entering a default judgment to determine the proper amount of damages. FED. R. CIV. P. 55(b)(2). "A damages inquest may proceed by affidavit without an in-person hearing 'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" *WowWee Group Ltd. v. Haoqin*, 2019 WL 1316106, at *2 (S.D.N.Y. Mar. 22, 2019) (quoting *All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 619 (S.D.N.Y. 2011)). On an inquest, the plaintiff bears the burden of introducing "sufficient evidence to establish the amount of damages with reasonable certainty." *Id.* (quoting *RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013), *report and recommendation adopted*, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013)). "In other words, a court must be able to evaluate the fairness of the proposed damages award 'based on admissible evidence.'" *Id.* (quoting *Bumble & Bumble, LLC v. Pro's Choice Beauty Care, Inc.*, 2016 WL 658310,

at *3 (S.D.N.Y. Feb. 17, 2016), *report and recommendation adopted*, 2016 WL 1717215 (S.D.N.Y. Apr. 27, 2016)).

Under the Lanham Act, a plaintiff may elect to recover statutory damages for the unauthorized use of counterfeit marks rather than establishing actual damages or lost profits. 15 U.S.C. § 1117(c). The statutory damages provision was added to the Lanham Act in 1996 to ensure that trademark owners would be "adequately compensated" and counterfeiters "justly punished" even in cases where actual damages were difficult to prove. *Tiffany (NJ) LLC v. QI Andrew*, 2015 WL 3701602, at *9 (S.D.N.Y. June 15, 2015) (citing the Anticounterfeiting Consumer Protection Act of 1996, § 7, Pub. L. No. 104–153, 110 Stat. 1386 (codified at 15 U.S.C. § 1117(c)); 141 Cong. Rec. S1207903, 1995 WL 470078)). Courts have recognized that statutory damages are particularly appropriate in the context of a default judgment, given the lack of disclosure available from the defaulting party. *Id.* at *10 (collecting cases).

The Lanham Act provides for a wide scope of statutory damages, in amounts ranging from $1,000 to $200,000 per counterfeit mark, or in the case of willful conduct, up to $2,000,000 per mark, to be apportioned "as the court considers just." 15 U.S.C. § 1117(c)(1) & (2). As a result, courts are vested with broad discretion to award statutory damages within these prescribed ranges. *Luxottica Grp. S.p.A. v. Wafa Ali, Inc.*, 2021 WL 2525098, at *4 (W.D.N.Y. June 21, 2021). Aside from establishing a monetary cap and instructing courts to award an amount that is "just," § 1117(c) provides no further guidance on determining damages. *Ideavillage Prod. Corp. v. Aarhus*, 2019 WL

3

2290514, at *5 (S.D.N.Y. May 7, 2019), *report and recommendation adopted*, 2019 WL 2287726 (S.D.N.Y. May 28, 2019). Accordingly, courts within this Circuit have looked to the "better developed case law under the Copyright Act, 17 U.S.C. § 504(c)" to determine the appropriate measure of damages. *All-Star Marketing Group, LLC v. Media Brands Co., Ltd.*, 775 F. Supp. 2d at 622 (quoting *Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009)).

In particular, courts have used factors first enumerated by the Second Circuit in *Fitzgerald Publishing*.[1] *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986). The relevant factors are:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the [trademark]; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

*All Star Mktg. Grp., LLC v. Media Brands Co.,* 775 F. Supp. 2d at 622 (citing *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d at 1117)).

These factors are intended to guide courts in their efforts to fix statutory damages "in a manner that accounts for both 'compensatory considerations (e.g., actual losses and trademark value)' and 'punitive considerations (e.g., deterrence of other infringers and redress of wrongful defense conduct).'" *Luxottica Grp. S.p.A. v. Wafa Ali, Inc.*, 2021 WL

---

[1] Although the Second Circuit in *Fitzgerald Publishing* applied these factors in the context of a copyright infringement case, they are frequently applied in trademark infringement cases as well. *All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d at 622-23 (collecting cases).

2525098, at *4 (quoting *Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999)). "Although statutory damages need not match actual damages, courts generally hold that statutory damages should bear some relation to actual damages suffered." *Stark Carpet Corp. v. Stark Carpet & Flooring Installations, Corp.*, 954 F. Supp. 2d 145, 154 (E.D.N.Y. 2013) (internal quotation marks omitted). As a result, "[m]ost judges have issued awards far below the statutory maximum, particularly where the plaintiff does not have concrete information about the defendant's actual sales figures and profits." *Burberry Ltd. v. Euro Moda, Inc.*, 2009 WL 4432678, at *5 (S.D.N.Y. Dec. 4, 2009).

JLI seeks $150,000 in statutory damages, equivalent to $50,000 for each of the three JUUL Marks that were infringed in the two purchases. Dkt. No. 20, Clement Decl. at ¶ 11. JLI asserts that this figure is "in line with other awards" and justified based upon Defendant's willful infringement. Clement Decl. at ¶¶ 4, 11.

A defendant's continued violation of a trademark after cease-and-desist correspondence provides evidence of willfulness. *Unilever Supply Chain, Inc., v. I & I Wholesale Food, Inc.*, 2011 WL 1113491, at *2 (E.D.N.Y. Feb. 17, 2011), *report and recommendation adopted*, 2011 WL 1099841 (E.D.N.Y. Mar. 24, 2011). To that end, JLI has provided evidence that its agent was able to purchase counterfeit goods for a second time at Defendant's business after cease-and-desist correspondence was mailed. Clement Decl. at ¶ 6; Dkt. No. 1-3, Compl. Exh. C. In addition, JLI has maintained that Defendant must have obtained the counterfeit goods from unauthorized suppliers, given that the

goods at issue were flavors of JUULpods® that were unavailable in the United States from authorized distributors due to current legal restrictions. Clement Decl. at ¶ 7; *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 315 F. Supp. 2d 511, 521-22 (S.D.N.Y. 2004), *amended in part*, 328 F. Supp. 2d 439 (S.D.N.Y. 2004) (willful ignorance, which can be inferred by selling products "acquired outside the customary chain of retail distribution" will suffice to trigger heightened damages). Willfulness can also be established simply by virtue of a defendant's default. *Deckers Outdoor Corp. v. Huang*, 2017 WL 1842556, at *7 (E.D.N.Y. Apr. 20, 2017), *report and recommendation adopted*, 2017 WL 1854728 (E.D.N.Y. May 5, 2017). Here, Defendant's willfulness has been established by evidence of willful ignorance, by its continued sale of products after the cease-and-desist letter was sent, and by its default in this action. Clement Decl. at ¶¶ 6, 7, 9. Therefore, enhanced statutory damages pursuant to 15 U.S.C. § 1117(c)(2) are appropriate.

Awards within this Circuit have varied considerably depending on the type and scale of infringing activity. *See Deckers Outdoor Corp. v. Huang*, 2017 WL 1842556, at *7-8 (discussing awards varying from $75,000 per mark to $1,000,000 per mark). However, keeping in mind that statutory damages "should bear some relation to actual damages suffered," *Stark Carpet Corp. v. Stark Carpet & Flooring Installations, Corp.*, 954 F. Supp. 2d at 154, the Court recommends finding that JLI's requested award of $150,000 is excessive.

First, JLI has provided the Court with no evidence regarding the scale of the counterfeiting operation by GTB Fuel or its lost profits. Notwithstanding the Defendant's

failure to appear in this action, which makes it more difficult for Plaintiff to ascertain the true scope of Defendant's conduct,

> JLI has failed to provide evidence of [Defendant's] operation that should be within its control. There is no description in the account of the two instances when JLI purchased counterfeit and grey market JUUL items as to how much those items were worth, whether the purchaser observed other similar JLI products for sale, or how many such products there were at [Defendant's] location. Without such information it is difficult to ascertain with any certainty what JLI's damages are.

*JUUL Labs Inc. v. Gates Mini Mkt. Corp.*, 2022 WL 987430, at *7 (E.D.N.Y. Feb. 9, 2022), *report and recommendation adopted sub nom. JUUL Labs Inc. v. Gates Mini Mkt. Corp*, 2022 WL 1406640 (E.D.N.Y. May 4, 2022).

With respect to the third *Fitzgerald Publishing* factor, JLI has not provided specific evidence of the monetary value of the Marks, but has instead stated that it has "created great commercial value in its trademarks." Clement Decl. at ¶ 10. The Court may "infer from the well-known reputations of most or all of the trademarks and the sea of advertising that presses them on the consciousness of the buying public that they are indeed valuable." *N. Face Apparel Corp. v. Moler*, 2015 WL 4385626, at *6 (S.D.N.Y. July 16, 2015), *report and recommendation adopted*, 2015 WL 5472939 (S.D.N.Y. Sept. 16, 2015) (internal quotation marks omitted)). As a result, this factor weighs in favor of a substantial award.

Additional factors weighing in favor of a substantial award include the inference of willful infringement, the Defendant's lack of cooperation in this action, the value of the mark, and the potential for discouraging Defendant and others. On balance, however,

7

the Court recommends that given the smaller scale of the Defendant's operation, a lower award is warranted.  The cases cited to by Plaintiff in support of larger awards can be differentiated from the facts at bar. For example, *Tile Inc. v. Computron Sys. Int'l*, which awarded $1,000,000 in statutory damages, involved at least $136,000 in illegal sales and a larger-scale operation with an online presence.  1:20-CV-2297 (E.D.N.Y. Aug. 3, 2020), Dkt. No. 15.  Similarly, *Deckers Outdoor Corp. v. Huang*, which awarded $750,000 for three infringed trademarks, involved a large-scale operation and significant lost profits. 1:15-cv-4772 (E.D.N.Y. May 5, 2017), Dkt. No. 43 at p. 8 (Report-Recommendation discussing evidence including seized packages containing 5,000 counterfeit items and a defendant charged criminally with possession of 120 counterfeit boots with an approximate retail value of $12,000.). [2]

Plaintiff also cites to a recent Eastern District case involving the same Plaintiff and similar factual allegations, where the court awarded $750,000 in statutory damages.[3] Clement Decl. at ¶ 12; *JUUL Labs, Inc. v. 5 Borough Market II Corp.*, 1:20-cv-3799 (E.D.N.Y. June 25, 2021).  However, two more recent cases out of that same district awarded substantially less.  See *JUUL Labs Inc. v. Gates Mini Mkt. Corp*, 2022 WL 1406640, at *8 (awarding $50,000 total in statutory damages based on two sales)*; JUUL*

---

[2] Plaintiff additionally cites: *Michael Kors, L.L.C. v. Canal Venture, Inc.*, awarding $1,000,000, or $250,000 each for each of four infringed trademarks, which involved a significant quantity of counterfeit goods including over 100 handbags and 44 watches.  1:15-cv-5788 (S.D.N.Y. Sept. 21, 2017), Dkt. No. 42-2, Compl. at ¶ 36; *Michael Kors, L.L.C. v. Mid Ctr. Equities Assocs., L.L.C.*, awarding $1,000,000 resulting from years-long counterfeit scheme and seizure of dozens of counterfeit goods. 1:15-cv-5856 (S.D.N.Y. Sept. 25, 2017), Dkt. No. 1, Compl. at ¶¶ 3, 26, 32, 40, 47.
[3] The Court notes that the order in this case merely entered the judgment as proposed by JLI.  *JUUL Labs, Inc. v. 5 Borough Market II Corp.*, 1:20-cv-3799, Dkt. Nos. 20, 21.  The record does not appear to contain any substantive analysis on the merits of the damages claim, and therefore this Court is unable to determine how the relevant factors were weighed in its decision.

*Labs, Inc. v. EZ Deli Grocery Corp I*, 1:21-cv-2615 (E.D.N.Y. Mar. 18, 2022) Dkt. Nos. 17, 18 (same). In virtually identical factual circumstances, those courts concluded that $25,000 for each of two infringing products sold, or $50,000 total, would serve both as adequate compensation and as a deterrent, while not amounting to an inappropriate windfall to Plaintiff. *Id.*; *accord Mun. Credit Union v. Queens Auto Mall, Inc.*, 126 F. Supp. 3d 290, 297 (E.D.N.Y. 2015) ("Although a statutory damage award may exceed actual damages, an award of statutory damages should not constitute a windfall for prevailing plaintiffs.") (internal quotation marks and alterations omitted).

The Court therefore recommends an award of $20,000 per mark, multiplied by three marks, for a total of $60,000.[4] An award of this size is well-supported by the caselaw involving infringing acts of a smaller scale. *Stark Carpet Corp. v. Stark Carpet & Flooring Installations, Corp.*, 954 F. Supp. 2d at 155 ("Courts regularly award statutory damages in the realm of up to $50,000 as amounts that both account for a defendant's willful disregard of trademark laws and as a deterrent to others who might consider engaging in infringing conduct in the future."); *N. Atl. Operating Co., Inc. v. Evergreen Distributors, LLC*, 2015 WL 13856995, at *12 (E.D.N.Y. Jan. 5, 2015) (noting that "courts award far less in statutory damages when the infringing acts are smaller in scale") (internal quotations omitted); *BBK Tobacco & Foods, LLP v. Galaxy VI Corp.*, 2020 WL 2833666, at *11 (S.D.N.Y. May 31, 2020) (awarding $30,000, based upon $15,000 per infringed trademark); *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d

---

[4] With post-judgment interest as provided under federal law, 28 U.S.C. § 1961(a).

9

448, 458 (S.D.N.Y. 2005) (awarding $12,500, or $2,500 for each of five infringed marks); *Sky Vapors, LLC v. Blazynski*, 2018 WL 6696995, at *4 (W.D.N.Y. Dec. 20, 2018) ($40,000 award for single retail location with infringing name).

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff JLI be awarded $60,000 in statutory damages; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: June 28, 2022
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge